a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| SAMUEL ROY ABRAM, Plaintiff | CIVIL ACTION NO. 1:17-CV-1470-P |
| VERSUS | JUDGE DEE D. DRELL |
| D. QUIRK, Defendant | MAGISTRATE JUDGE PEREZ-MONTES |

## REPORT AND RECOMMENDATION

Before the Court is a petition for writ of mandamus filed by pro se Plaintiff Samuel Roy Abram ("Abram") (#11398-002). Abram is an inmate in the custody of the United States Bureau of Prisons ("BOP"), incarcerated at the United States Penitentiary in Pollock, Louisiana ("USP-P"). Abrams complains about the quality of food served to prisoners.

### I. Background

Abram seeks a court order directing the respondent to enforce BOP Program Statement 4700.06, which provides: "All inmates and staff, except those on medical or religious diets, should be served the same meals in a dining room setting when consistent with the security and orderly operation of the institution." (Doc. 1). Abram complains that USP-P staff and inmates are not provided the same meals. Abram alleges staff members receive better quality food than inmates.

### II. Law and Analysis

Although the writ of mandamus was abolished by Rule 81(b) of the Federal Rules of Civil Procedure, federal courts may issue all writs necessary or appropriate

in aid of their respective jurisdictions and agreeable to the usages and principles of law.  See 28 U.S.C. § 1651.  Actions in the nature of mandamus are provided for in § 1361:

> The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff.

28 U.S.C. § 1361.

To be successful on his request for mandamus relief, Abram must demonstrate: (1) a clear right to the relief; (2) a clear duty by the respondent to do the act requested; and (3) the lack of any other adequate remedy.  In Re: Stone, 118 F.3d 1032, 1034 (5th Cir. 1997).  "The common-law writ of mandamus, as codified in 28 U.S.C. § 1361, is intended to provide a remedy for a plaintiff only if he has exhausted all other avenues of relief and only if the defendant owes him a clear nondiscretionary duty."  Heckler v. Ringer, 466 U.S. 602, 616 (1984).

Abram cannot show a clear right to relief.  Abram seeks a court order directing the respondent to enforce a BOP program statement.  However, Abram has provided no authority for his claim that a failure to follow BOP policies and procedures entitles him to mandamus-type relief.  In fact, the Fifth Circuit has ruled that a failure to follow BOP policies and procedures, as set forth in various program statements, does not, in and of itself, state a constitutional violation.  See Myers v. Klevenhagen, 97 F.3d 91, 94 (5th Cir. 1996).

Moreover, Abram has other adequate remedies available to him for his claim, such as an action pursuant to Bivens v. Six Unknown Named Agents of Fed. Bureau

of Narcotics, 403 U.S. 388 (1971).  See Aunhkhotep v. Pearson, 5:09-cv-103, 2010 WL 3879960, at *1 (S.D. Miss. Mar. 3, 2010), report and recommendation adopted, 2010 WL 3879400 (petition for writ of mandamus dismissed because Plaintiff could file Bivens action) (citing James v. Reese, No. 5:05-cv-155, 2006 WL 3930811, at *1 (S.D. Miss. Oct. 25, 2006) (petition for writ of mandamus dismissed because Plaintiff had other avenues to seek relief, including BOP's administrative remedy program or Bivens action).

Abram has filed several civil cases in federal court, at least three of which were dismissed as frivolous, malicious, or for failing to state a claim for which relief can be granted.  Thus, pursuant to the Prison Litigation Reform Act ("PLRA"),[1] Abrams cannot proceed *in forma papueris* unless he is in imminent danger of serious physical injury.  This Court has previously denied Abram leave to proceed *in forma pauperis*. (1:16-cv-1317).  Abrams cannot circumvent the restrictions of the PLRA by labeling a new civil claim a "writ of mandamus."

Finally, "it is important to remember that issuance of the writ is in large part a matter of discretion with the court to which the petition is addressed." Kerr v. U.S. Dist. Ct. for N. Dist. of California, 426 U.S. 394, 403 (1976).  The Court does not find the drastic remedy of mandamus necessary or appropriate in Abram's case.

---

[1] A prisoner shall not be granted pauper status under § 1915 if "the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

3

### III. Conclusion

For the foregoing reasons, **IT IS RECOMMENDED** that Abram's petition for writ of mandamus (Doc. 1) be **DENIED and DISMISSED, with prejudice**.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), parties aggrieved by this Report and Recommendation have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs (such as supplemental objections, reply briefs, etc.) may be filed. Providing a courtesy copy of the objection to the undersigned is neither required nor encouraged. Timely objections will be considered by the District Judge before a final ruling.

Failure to file written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation within fourteen (14) days from the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

THUS DONE AND SIGNED in chambers in Alexandria, Louisiana, this __27th__ day of January, 2018.

Joseph H.L. Perez-Montes
United States Magistrate Judge